The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CAROLYN SELLAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WOODLAND PARK ZOOLOGICAL SOCIETY a Washington Nonprofit Corporation,<br><br>Defendant. | No. 2:23-CV-00627-TL<br><br>**PLAINTIFF'S MOTION TO REMAND TO KING COUNTY SUPERIOR COURT**<br><br>*Note on Motion Calendar*<br>June 2, 2023 |

PLAINTIFF'S MOTION TO REMAND
Page i

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

# I. INTRODUCTION

Pursuant to 28 U.S.C. § 1447(c), Plaintiff respectfully moves this court for an order of remand due to lack of subject matter jurisdiction. As is clear from the face of Plaintiff's Complaint, and as Defendant Woodland Park Zoological Society ("WPZS") concedes, Plaintiff Carolyn Sellar brings claims **solely** under Washington state law, alleging discrimination and retaliation under the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq.*, violations of Washington's Paid Family and Medical Leave Act ("PFMLA"), RCW 50A *et seq.*, and wrongful discharge in violation of public policy under Washington common law. *Dkt.* 2-1 (Complaint). Defendant WPZS's attempt to remove this case to federal court under a preemption theory[1] is baseless and without merit.

Plaintiff's state law interference, discrimination, retaliation, and wrongful discharge claims do not depend on an interpretation of a collective bargaining agreement ("CBA") or involve any other issue touching on federal labor law. Plaintiff does not allege that Defendant violated the CBA in this case. She is not even alleging here that Defendant did not have the <u>power</u> to take the adverse actions it took against her under the CBA. Rather, Plaintiff alleges that Defendant's use of any power it had to take adverse actions against her was discriminatory and retaliatory under state law. *See Downey v. Intalco Aluminum Corp.*, 2006 WL 8454987 at *9 (ordering remand and noting that "Plaintiff's core contention is that an improper discriminatory motive was behind Defendants' actions, no matter how well those actions otherwise adhered to the CBA's dictates.").

Contrary to Defendant's baseless claims, nothing in the CBA can serve as a defense to any of Plaintiff's state law claims. As the Washington Court of Appeals held in *Wilson v. City of Monroe*, "[a]n employee's right to be free from discharge in contravention of public policy does not depend on the contractual status of the employment relationship." 88 Wn.App. 113,

---

[1] Defendant bases its preemption argument on the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) (hereafter "Section 301").

PLAINTIFF'S MOTION TO REMAND
Page 1

**SHISHIDO TAREN GOLDSWORTHY**
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

117-118 (1997). "**The right is nonnegotiable, and adjudication of a claim based on the right does not depend on interpretation or application of the CBA**." *Id*. (emphasis added). Similarly, "**rights secured by the WLAD are nonnegotiable and separate from any parallel rights that could be provided by a CBA.**" *Downey*, 2006 WL 8454987 at *8 (emphasis added). As such, there is simply no federal question at issue in this case and the Court thus lacks jurisdiction under 28 U.S.C. § 1331.[2]

      Even if Defendant had a basis to raise preemption as a defense – which it does not – it must do so in state court where the court's jurisdiction is undisputed. As Judge Lasnik has correctly held, "[u]nless federal law 'both completely preempt[s] the state law claims and supplant[s] it with a federal claim,' **preemption is merely a defense to be raised in plaintiff's chosen forum.**" *Burkhardt v. Swedish Health Servs.*, 2017 WL 2116007 at *7 (W.D. Wash., May 16, 2017,)(quoting *Young v. Anthony's Fish Grottos*, 830 F.2d 993, 997 (9th Cir. 1987))(emphasis added). Here, Defendant does not and cannot contend that Plaintiff's claims are supplanted by federal law – they merely (and falsely) claim that her state law claims require interpretation of the CBA. While that assertion is baseless, if Defendant wishes to pursue it, it must do so in state court where this case was filed. As the relevant precedent makes clear, Defendant's "preemption" defense will fail in King County Superior Court. *See, e.g., Hume v. Am. Disposal Co.*, 124 Wn.2d 656 (1994) (no federal preemption in case where plaintiffs alleged retaliation and wrongful discharge for requesting overtime pay); *Wilson,* 88 Wn.App. at 117-118; *Delahunty v. Cahoon,* 66 Wn. App. 829, 838 (1992) (no preemption in WLAD retaliation case holding that "[t]he state antidiscrimination laws do not conflict with national policy governing unfair labor practices.").

      Defendant has completely failed to meet its high burden in establishing federal question jurisdiction or that removal to federal court is proper. Plaintiff has not chosen to bring federal

---

[2] Similarly, as both parties are residents of the State of Washington, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332.

PLAINTIFF'S MOTION TO REMAND
Page 2

**SHISHIDO TAREN GOLDSWORTHY**
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Case 2:23-cv-00627-TL   Document 9   Filed 05/11/23   Page 4 of 16

claims in this case and her chosen forum for her state law claims is King County Superior Court. As such, Plaintiff respectfully requests that this Court grant Plaintiff's motion and remand this case back to the King County Superior Court. Plaintiff also requests the Court grant reasonable attorney's fees and costs under 28 U.S.C. § 1447(c).

## II.   FACTS

**A.   Carolyn Sellar dedicated over 20 years to caring for WPZS's Asian Primate population and working on issues related to diversity equity and inclusion.**

As alleged in her Complaint, Plaintiff Carolyn Sellar began working at Woodland Park Zoo in Seattle Washington in 1998 while she was a student at the University of Washington. *Dkt*. 1-2 at ¶ 8. She was then hired as a full-time Animal Keeper after graduating from the UW with a Bachelor of Arts Degree in Primatology in 2002. *Dkt*. 1-2 at ¶ 9-10.

Throughout her employment, Ms. Sellar worked primarily with the Zoo's Asian Primates – and specifically Orangutans. *Dkt*. 1-2 at ¶. 18. For nearly two decades, Ms. Sellar dedicated herself to the study and care of Orangutans, working with outside organizations, including other zoos and conservation organizations to help learn how to better care for these animals. *Dkt*. 1-2 at ¶ 11-15. Over the course of her employment, she developed not only an expertise with Orangutans, but also a deep connection with the Zoo's particular population, learning their personalities and behavioral nuances. *Dkt*. 1-2 at ¶ 18, 37.

In addition to her dedication to caring for animals, Ms. Sellar was also committed to working on issues related to diversity, equity and inclusion. Ms. Sellar, who is Asian, became a Co-Chair and Founding Member of the Woodland Park Zoo Diversity, Equity, and Inclusion ("DEI") Council. *Dkt*. 1-2 at ¶ 19. Both within that context and without, Ms. Sellar raised concerns to Defendant about the Zoo's lack of diversity within its workforce, and particularly the lack of career advancement opportunities for people of color. *Dkt*. 1-2 at ¶ 22-23. Nearly all of the Lead Keepers at the Zoo during Ms. Sellar's employment were white. *Dkt*. 1-2 at ¶ 21.

Page 3

**Shishido Taren Goldsworthy**
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

When she applied for a Lead Keeper position in approximately May 2021, she was denied the promotion in favor of a less qualified, less experienced white employee. *Dkt*. 1-2 at ¶ 24-27.

**B.   Defendant WPZS retaliated against Ms. Sellar after she raised complaints about discrimination and retaliation.**

Throughout her employment with WPZS Ms. Sellar was a vocal advocate for anti-discriminatory practices. In March 2022 she was specifically told by one of her supervisors that, amongst other things, she needed to stop voicing concerns about the lack of diversity at WPZS. *Dkt*. 1-2 at ¶ 28. Ms. Sellar felt threatened by her supervisor's warnings and responded by writing an email on or about March 8, 2022 where she again expressed her concerns about discrimination, the lack of diversity at WPZS, her own experiences as a racial minority at WPZS, and her fears about further retaliation. *Dkt*. 1-2 at ¶ 30.

Rather than respond by assuaging Ms. Sellar of her fears, Defendant retaliated. In addition to creating a hostile work environment, one month after Ms. Sellar's emailed complaint, Defendant unilaterally changed her work schedule, forcing her to work less desirable days. *Dkt*. 1-2 at ¶ 31-32.

After being warned to stop voicing her concerns about diversity and then being retaliated against, Ms. Sellar requested protected medical leave on an intermittent basis on or about April 28, 2022. *Dkt*. 1-2 at ¶ 33. Defendant granted the request for leave on or about May 25, 2022. *Dkt*. 1-2 at ¶ 34. Ms. Sellar's need for protected medical leave was due in large part to Defendant's unlawful conduct. *Dkt*. 1-2 at ¶ 33.

**C.   Defendant increases its retaliation by targeting Ms. Sellar for unwarranted discipline and preventing her from working with animals in her area of expertise.**

Defendant's retaliation against Ms. Sellar continued while she was on intermittent protected medical leave. On or about August 30, 2022, Defendant contacted Ms. Sellar while she was on leave and notified her that she was being removed from her regular animal area, preventing her from working with the Zoo's Orangutan population. *Dkt*. 1-2 at ¶ 35. Defendant assigned Ms. Sellar to an animal unit where her primary duties would be taking care of

PLAINTIFF'S MOTION TO REMAND
Page 4

**SHISHIDO TAREN GOLDSWORTHY**
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

peacocks, otters and ostriches and assisting people with cleaning duties. *Dkt*. 1-2 at ¶ 38. At the same time, Defendant retaliatorily disciplined Ms. Sellar for false reasons. *Dkt*. 1-2 at ¶ 40. The news was devastating to Ms. Sellar, and she immediately understood the move for what it was – retaliation for her complaints and for taking protected leave. *Dkt*. 1-2 at ¶ 36.

Ms. Sellar was devastated to learn that she was being removed from her animal specialty area and that she was being disciplined for false reasons. She again complained to Defendant about discrimination and retaliation. *Dkt*. 1-2 at ¶ 41. Despite these complaints, Defendant failed to take any prompt or effective remedial action or do anything to adequately address Ms. Sellar's specific concerns about discrimination and retaliation. *Dkt*. 1-2 at ¶ 53.

**D.   Ms. Sellar engaged in additional protected activity under Washington state law when she complained about discrimination, retaliation, and a hostile work environment in the Fall of 2022.**

Defendant's complete failure to address Ms. Sellar's complaints about discrimination and retaliation left her with nowhere to turn within the company. As such, she complained to her Union, who then filed a grievance with Defendant. *Dkt*. 1-2 at ¶ 42.

In this case, Ms. Sellar does not challenge Defendant's grievance decision. Rather, she references the grievance only because during that process Ms. Sellar met with Defendant and again told them she believed that Defendant was discriminating and retaliating against her, creating a hostile work environment, and interfering with her right to protected medical leave. *Dkt*. 1-2 at ¶ 43. In other words, she further engaged in protected activity under Washington state law.

Defendant completely failed to address the discrimination, retaliation, interference, and hostile work environment claims Ms. Sellar raised and refused to reinstate her to the Orangutan or Asian Primate unit. *Dkt*. 1-2 at ¶ 44. In fact, they refused to assure her that she would ever be allowed to work with Orangutans again. *Dkt*. 1-2 at ¶ 45. With her health continuing to suffer as a result of Defendant's discriminatory and retaliatory conduct, and given its complete failure to take action "**to remedy the discrimination and retaliation Ms. Sellar suffered**,"

PLAINTIFF'S MOTION TO REMAND
Page 5

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Ms. Sellar was forced to resign after over twenty years with the Zoo on November 29, 2022. *Dkt*. 1-2 at ¶ 47-48.

**E.    Ms. Sellar filed this case in Washington State court alleging only state law claims.**

Ms. Sellar filed her case in King County Superior Court on March 29, 2023 alleging claims arising solely under Washington State law. Nowhere on the face of the Complaint does she allege that Defendant's violated the CBA. Nowhere in the Complaint does she claim that Defendant did not have the power to take adverse actions against her under the CBA. Rather, she simply alleges that Defendant's use of whatever power it had was a violation of the WLAD, PFMLA and Washington's Tort of Wrongful Discharge in Violation of Public Policy. *Dkt*. 1-2.

### III.    ANALYSIS

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Id*. Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Here, Defendant has completely failed to meet its high burden of establishing any basis for removal.

**A.    Plaintiff's claims involve non-negotiable rights to be free from discrimination, retaliation, and wrongful discharge – rights that do not depend on a collective bargaining agreement.**

1.    <u>Plaintiff's claims are based on non-negotiable, substantive rights that cannot be preempted by federal labor law</u>.

Plaintiff's allegations are clear – Defendant violated Washington state law when it discriminated and retaliated against her during her employment, and she was wrongfully

PLAINTIFF'S MOTION TO REMAND
Page 6

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

discharged in violation of Washington public policy. Those claims do not require any interpretation of a CBA because Plaintiff does not allege Defendant violated its terms.[3] She alleges that Defendant discriminated and retaliated against her (and violated her rights under the PFMLA) when it exercised whatever power it had over her as an employee and took adverse actions against her. Plaintiff's claims simply do not implicate any federal laws.

In enacting the WLAD, the Washington Legislature specifically declared that discrimination is a matter of state concern, and that "such discrimination threatens not only the rights and proper privileges of [Washington's] inhabitants but menaces the institutions and foundations of a democratic society." RCW 49.60.010. In fact, the legislature has declared the right to be free from discrimination is a civil right. RCW 49.60.030(1).

In the discrimination, retaliation, and wrongful discharge context, it is rarely if ever appropriate to find preemption or decline remand because the right to be free from discrimination and retaliation under the WLAD is also non-negotiable. *Downey*, 2006 WL 8454987 at *7 (W.D. Wash., May 3, 2006).[4] Indeed, as the Court in *Downey* correctly observed, **"The Ninth Circuit has already held that the rights secured by the WLAD are nonnegotiable and separate from any parallel rights that could be provided by a CBA."** *Id.* at *8. (emphasis added). The *Downey* court then went on to hold that the "nonnegotiable nature of Plaintiff's rights under the WLAD does not allow for preemption by § 301." *Id*. at *9.

---

[3] The fact that Plaintiff's Union may have alleged violations of the CBA prior to Ms. Sellar filing this lawsuit is completely irrelevant to any of the state law claims Ms. Sellar has alleged in this case. Ms. Sellar is not bringing a claim alleging violations of the CBA.

[4] In its Notice of Removal, Defendant cites *Spurgeon v. Olympic Panel Prod.*, LLC, 2008 WL 2705136, at *3 (W.D. Wash. July 9, 2008) and *Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F. Supp.2d 1244, 1253-55 (C.D. Cal. 2000) for its misguided contention that Plaintiff's state law claims are preempted. *Dkt*. 1 at 6. In both cases, however, plaintiffs were suing their local unions. Here, Ms. Sellar has not sued her local union. In fact, *Spurgeon* was a case in which the union was moving for summary judgment – <u>not the employer</u>. The plaintiff's claims against her union in *Spurgeon* all involved alleged violation of the CBA. 2008 WL 2705136, at *1 (W.D. Wash. July 9, 2008). Similarly, in *Madison*, plaintiff specifically alleged that his union discriminated against him by "negotiating a collective bargaining agreement," and by "issuing a meritless grievance… that reflected badly on him." *Id*. at 1248. Neither of these cases are remotely analogous to the issues raised in this case.

PLAINTIFF'S MOTION TO REMAND
Page 7

**SHISHIDO TAREN GOLDSWORTHY**
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Similarly, the Washington Court of Appeals held in *Wilson*, "[f]ederal labor policy does not preempt claims that are based on state laws when those laws grant employees nonnegotiable, substantive rights." *Wilson*, 88 Wn. App. at 117. The "right to be free from wrongful termination in contravention of public policy may not be altered or waived by private agreement, and is therefore a nonnegotiable." *Id*. at 118; *see also Esquivel v. Wash. Beef, L.L.C.*, 2005 U.S. Dist. LEXIS 47793 (E.D.Wash., July 30, 2005)(Washington family and medical leave laws not preempted by the LMRA).

Here, Plaintiff's claims are based on non-negotiable rights to be free of discrimination, retaliation, and wrongful discharge. Plaintiff's union could not bargain away those rights, nor grant Defendant the authority to violate them. As such, Plaintiff's claims are not preempted by federal labor law and there is no basis for federal jurisdiction in this case.

2. <u>Plaintiff's claims do not depend on an interpretation of the CBA and thus are not preempted by federal labor laws</u>.

Defendant attempts to justify removal by arguing that Plaintiff's claims will require "interpretation" of the CBA, but it never explains what would need to be interpreted. Preemption is only appropriate in the rare instance when "resolution of a state-law claim **depends** upon the meaning of collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405 (1988)(emphasis added). Here, no claim or defense depends on an interpretation of the meaning of any provision of the CBA. Defendant makes vague arguments that this case requires interpretation of the CBA regarding the "management right" to change Ms. Sellar's schedule and whether "just cause" existed to take adverse actions against her. These arguments fail. Whether or not the CBA granted Defendant the "management right" to unilaterally change Ms. Sellar's work schedule or prevent her from working with Orangutans is not the question. The only question is whether, assuming Defendant had that power, its decisions to use it were motivated by discrimination and/or retaliation.

PLAINTIFF'S MOTION TO REMAND
Page 8

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Again, the *Downey* case is instructive. In that case, the plaintiff, a union employee, filed claims for disability discrimination in state court under the WLAD. *Downey*, 2006 WL 8454987 at *2-3. Despite the plaintiff's claims being linked to "recall rights, physical exams, and grievance procedures" governed by a CBA, the *Downey* court held that,

> while the complaint does reference the physical exam and Defendant's use of the results thereof, Plaintiff's discrimination claims are based exclusively on state law rather than any provision of the CBA. Plaintiff does not challenge the fact that he was required to submit to a physical exam, nor the specific procedures by which he was denied bumping rights or recall from layoff. Instead, he alleges only that Defendants were "substantially motivated" by either the perception or fact of his respiratory condition, and that this motivation violated the WLAD—regardless of the other employment conditions set forth in the CBA. (Compl. ¶ 2.23.) Such allegations do not "substantially depend upon application and interpretation" of any provision in the CBA.
>
> Nor does Plaintiff's initial use of the grievance system necessarily require resort to the terms of the CBA. While Plaintiff may have had the option of proceeding to arbitration under the CBA's grievance system, he has expressly eschewed any reliance on that [alternative], instead basing [his] claims on the statutory duty . . . established by the WLAD. Plaintiff's claims are based on "the right to be free from handicapped discrimination, [which] was created by the [WLAD] and not solely by the [CBA]"; his claims are not "inextricably intertwined with the [CBA]" and thus are not preempted by § 301.

*Downey*, 2006 WL 8454987 at *6-7.

Just like the plaintiff in *Downey*, Ms. Sellars' claims do not depend on the application and interpretation of any provision of the CBA.[5] Defendant may indeed have had the contractual right to change Ms. Sellar's schedule, discipline her, deny her a promotion, or take any number of adverse actions against her. But if those actions were motivated by discrimination or retaliation as Ms. Sellar claims, they violate Washington state law regardless of any interpretation of the CBA.

---

[5] *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024 (9th Cir. 2016), is completely distinguishable. The plaintiff in that case was bringing wage claims which required the Court to interpret whether the wages were "due and owing" under a CBA. *Id*. at 1035. It was only in this context that the Court determined that it would need to interpret what an agreed upon change of schedule meant in the parties CBA. *Id*. at 1036. None of those things are at issue in this case.

PLAINTIFF'S MOTION TO REMAND
Page 9

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Defendant also attempts to shoehorn a federal claim into this case by claiming that Plaintiff's allegations that she was denied a promotion and that she was retaliatorily disciplined "necessarily require interpretation of the CBA," but again, it never explains how. "As stated above, Plaintiff's core contention is that an improper discriminatory motive was behind Defendants' actions, no matter how well those actions otherwise adhered to the CBA's dictates." *Downey*, 2006 WL 8454987 at *9.

In addition, Defendant falsely claims that Plaintiff's wrongful discharge claim requires the Court to examine the "just cause" provisions of the CBA. But Defendant cannot even articulate what part of the "just cause" provision supposedly needs to be interpreted to resolve Plaintiff's claims. Ms. Sellar's right to be free from discrimination, retaliation, and wrongful termination "does not originate in [a] CBA provision that requires just cause for termination." *Wilson*, 88 Wn. App. 113, 117-118. She does not allege that her termination had anything to do with the CBA at all. As Defendant correctly points out, Ms. Sellar was not "expressly" terminated by Defendant – she was forced out after Defendant continued to discriminate and retaliate against her and completely failed to address her repeated complaints about its discrimination and retaliation. Neither the court nor the jury needs to analyze the "just cause" provision of the CBA to determine whether Defendant's unlawful actions caused Ms. Sellar's termination or were motivated by unlawful discrimination, harassment, or retaliation.[6]

Defendant has not and cannot justify removal to federal court. Plaintiff has alleged claims solely arising under state laws, none of which require interpretation of a CBA. As such, this court lacks jurisdiction and should remand this case back to state court.

---

[6] Defendant's reliance on *Stallcop v. Kaiser Found Hosps.*, does not help its argument. 820 F.2d 1044 (9th Cir. 1987). In that case, the court expressly found that the plaintiff's state law discrimination claims were not preempted under § 301. Id. at 1046. With respect to the plaintiff's wrongful discharge claim, the plaintiff specifically alleged that it was based on "wrongful discharge in violation of her employment agreement and of her oral agreement with [defendant]." *Id*. at 1048. Ms. Sellar makes no such claim here. Her claim is that she was discharged in violation of Washington public policy – not that Defendant breached any contract with her. *Stallcop* is inapposite.

PLAINTIFF'S MOTION TO REMAND
Page 10

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

B. **The Washington state courts have the authority and ability to decide any issues arising out of Plaintiff's Complaint – removal is inappropriate.**

Contrary to Defendant's claim, federal courts do not have subject matter jurisdiction simply by virtue of defendants asserting a federal preemption defense. "A state action cannot be removed to federal court based on a federal defense, even that of preemption unless it is "completely preempted." *Young*, 830 F.2d at 996. "If the plaintiff could not have asserted a federal claim based on the allegations of her state law complaint, she could not have brought the case originally in federal court as required for removal jurisdiction under section 1441." *Id*. at 997. In that case, "preemption is merely a defense to be raised in plaintiff's chosen forum." *Burkhardt,* 2017 WL 2116007 at *7.

Here, Plaintiff could not have asserted a federal claim based on the allegations as pled in her complaint. She never alleges that Defendant violated the terms of the CBA or makes any other allegation that could be viewed as arising under § 301. Defendant's only claim is that Plaintiff's state law claims require interpretation of the CBA. But as discussed above, those claims are baseless. Such a contention, even if true (which it is not), does not permit federal question jurisdiction under *Young*.

There are strong policy reasons for remanding this case to state court. Unlike this court, the King County Superior Court is a court of general jurisdiction. It has jurisdiction to hear all state law claims pled as well as any federal preemption defense raised by Defendant. Indeed, in deciding issues of preemption, Washington courts have repeatedly found that preemption is not appropriate when making reasoned decisions in similar cases. *See, e.g., Hume v. Am. Disposal Co.*, 124 Wn.2d 656 (1994) (no federal preemption in case where plaintiffs alleged retaliation and wrongful discharge for requesting overtime pay); *Wilson,* 88 Wn.App. at 117-118 (1997); *Delahunty v. Cahoon,* 66 Wn. App. 829, 838 (1992) (no preemption in WLAD retaliation case holding that "[t]he state antidiscrimination laws do not conflict with national policy governing unfair labor practices."). If Defendant's preemption defense had any merit, and it does not, the Washington courts have the ability and authority to decide that issue.

PLAINTIFF'S MOTION TO REMAND
Page 11

**SHISHIDO TAREN GOLDSWORTHY**
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Defendant has completely failed to meet its heavy burden of establishing removal to federal court is proper. Plaintiff's claims are not "preempted" by federal law and any arguments to the contrary can be decided in state court.

**C.   Plaintiff is entitled to fees and costs incurred from Defendant's improper attempt at removal.**

28 U.S.C. § 1447(c) states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Under the statute, "the standard for awarding fees turns on the reasonableness of the attempted removal, not a showing of bad faith, and an award of fees is intended as reimbursement for unnecessary litigation costs, not a punitive measure." *MFC Twin Builders, LLC v. Fajardo*, 2012 WL 3862399 at * 9-10 (E.D.Cal., Sept. 5, 2012). An award of fees and costs is warranted when the removing party does not have an "objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

As the U.S. Supreme Court stated in *Martin*,

> Congress thought fee shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. Id. at 140.

Here, Defendant does not have an objectively reasonable basis for removal. It is undisputed that Ms. Sellar has only alleged claims arising under state law. Those claims stem from her allegations that she was discriminated against and retaliated against and was unlawfully terminated in violation of state law. Case law clearly establishes that state law claims for discrimination, retaliation, or wrongful discharge are non-negotiable and cannot be preempted by a collective bargaining agreement. *Downey*, 2006 WL 8454987 at *8; *Wilson,* 88 Wn.App. at 117-118; *Delahunty v. Cahoon,* 66 Wn. App. 829, 838 (1992); *see also Bruce v. Northwest Metal Prods. Co.*, 79 Wn.App. 505, 512-13 (1995); *Esquivel,* 2005 U.S. Dist. LEXIS 47793 (Washington family and medical leave laws not preempted by the LMRA).

PLAINTIFF'S MOTION TO REMAND
Page 12

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Defendant never addresses any of this clear case authority in its Notice of Removal. *Dkt*. 1. It fails to do so because it knows that these cases clearly establish that its attempt at preemption and removal is objectively baseless.

Defendant's attempt to circumvent this clear case authority by claiming that analysis of a CBA is necessary, **but never identifies any disputed terms that would need interpretation.** Indeed, no such disputed terms exist, as is clear from Plaintiff's allegations and as Defendant well-knows. Its attempt to remove this case serves no other purpose than to increase fees and costs and delay justice for Plaintiff. Defendant does not and did not have an objectively reasonable basis for removal and therefore an award of fees and costs is appropriate. Plaintiff respectfully requests that the Court award Plaintiff attorneys' fees and costs under 28 U.S.C. § 1447(c).

## IV.     CONCLUSION

Defendant has completely failed to meet its high burden in establishing removal is proper. This Court does not have jurisdiction to hear Plaintiff' state law claims, none of which require interpretation of any CBA. Countless cases in both state and federal courts hold that this type of case, brought under Washington law, is not preempted by federal labor laws. Defendant's motion serves no purpose other than to unnecessarily delay this case, increase fees and costs for Plaintiff, and waste judicial resources. Plaintiff respectfully request that this Court remand this case back to the King County Superior Court.

PLAINTIFF'S MOTION TO REMAND
Page 13

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

DATED this 11th day of May, 2023:

By: /s/ Richard E. Goldsworthy
Richard E. Goldsworthy, WSBA No. 40684
Robin J. Shishido, WSBA No. 45926
Shishido Taren Goldsworthy PLLC
705 Second Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 622-1604
Email: rgoldsworthy@shishidotaren.com
rshishido@shishidotaren.com
Attorneys for Plaintiff

I certify that this memorandum contains 4699 words (as counted by Microsoft Word), in compliance with the Local Civil Rules.

PLAINTIFF'S MOTION TO REMAND
Page 14

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

# DECLARATION OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date and in the manner listed below I caused delivery of a true copy of the attached document to the following attorneys for Defendant:

| | |
|---|---|
| Ryan P. Hammond, WSBA No. 38888<br>Jordan T. Wada, WSBA No. 54937<br>Anne E. Reuben, WSBA No. 53299<br>Littler Mendelson, P.C.<br>600 University Street, Suite 3200<br>Seattle, WA 98101-7095<br>Ph: (206) 623-3300<br>rhammond@littler.com<br>jwada@littler.com<br>areuben@littler.com | ☒ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery<br>☒ by Notification via E-filing System |

DATED this 11th day of May, 2023, at Seattle, Washington.

 s/ Richard E. Goldsworthy
Richard E. Goldsworthy, WSBA No. 40684
Robin J. Shishido, WSBA No. 45926
Shishido Taren Goldsworthy PLLC
705 Second Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 622-1604
Email: rgoldsworthy@shishidotaren.com
       rshishido@shishidotaren.com
Attorneys for Plaintiff

PLAINTIFF'S MOTION TO REMAND
Page 15

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604