The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CAROLYN SELLAR, an individual

    Plaintiff,

    v.

WOODLAND PARK ZOOLOGICAL SOCIETY a Washington Nonprofit Corporation,

    Defendant.

No. 2:23-CV-00627-TL

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO KING COUNTY SUPERIOR COURT**

*Note on Motion Calendar*
June 2, 2023

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page i

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

I.  INTRODUCTION

Defendant's attempt to completely preempt Plaintiff Carolyn Sellar's state law race discrimination, retaliation, and medical leave claims, and thus extinguish her entire civil rights case, must be rejected. As cases in both federal and state court make clear, employees like Ms. Sellar have "nonnegotiable" rights that are "separate from any parallel rights that could be provided by a CBA." *Downey v. Intalco Aluminum Corp.*, 2006 WL 8454987 at *9 (W.D.Wash, May 3, 2006). These rights include the right to be free from race discrimination and retaliation. RCW 49.60.030 (declaring the right to be free from race discrimination a "civil right"), to be free from wrongful termination in violation of public policy, *Wilson v. City of Monroe*, 88 Wn.App. 113, 117-118 (1997), and to be free from interference and retaliation for exercising her right to medical leave. *Esquivel v. Wash. Beef, L.L.C.*, 2005 U.S. Dist. LEXIS 47793 (E.D.Wash., July 30, 2005). These rights specifically exist to protect employees like Ms. Sellar, an Asian female who was explicitly told to stop voicing concerns about race discrimination at Woodland Park Zoo and was retaliated against when she refused. Ms. Sellar did not lose these rights simply because she was part of a union. Whatever power Defendant may have had to take adverse employment actions against Ms. Sellar, whether under a CBA or otherwise, it had no right to take those actions based on her race, in retaliation for her complaints, or because she took medical leave.

Moreover, contrary to Defendant's assertions, Plaintiff's claims simply do not require "interpretation" of <u>any</u> provision in the CBA. "Plaintiff's core contention is that an improper discriminatory [and retaliatory] motive was behind Defendants' actions, no matter how well those actions otherwise adhered to the CBA's dictates." *Downey*, 2006 WL 8454987 at *9. Preemption is only appropriate in the rare instance when "resolution of a state-law claim **depends** upon the meaning of collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405 (1988). Here, while Defendant cites to several provisions of the CBA, it cannot explain what parts of those provisions require actual "interpretation." Nothing in the

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 1

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

CBA Defendant has cited required it to remove Ms. Sellar from her animal specialties, discipline her or take any other adverse action against her. That Defendant may have had the power to do so says nothing. The question is whether the use of that power was unlawful under the state law claims asserted here.

If Defendant's arguments were to succeed, no unionized employee subject to the provisions of a CBA would be able to vindicate their right to be free from discrimination and retaliation under state law. Employers could simply point to a CBA that purported to allow them to fire an employee, demote them, deny them a promotion, change their schedules, or take any number of other adverse actions and then claim preemption. But, for good reason, that is completely contrary to the law. Preemption is reserved for those very rare cases where state law claims necessarily depend on the disputed interpretation of the meaning of a CBA provision. That is simply not the case here. Defendant has completely failed to establish that removal is proper. As such, this Court lacks jurisdiction and this case must be remanded back to King County Superior Court.

A.  **Plaintiffs in discrimination, retaliation, and wrongful discharge cases do not lose their right to pursue state law claims simply by referencing a grievance procedure in a complaint.**

Defendant attempts to shoehorn a federal preemption defense into this case by focusing on the fact that Plaintiff's union filed a grievance on her behalf. To be clear, Plaintiff is not bringing contractual claims based on Defendant's decision to deny the grievance under the CBA. Nor has she predicated her claims on an alleged breach of the CBA. This is true no matter how many times Defendant attempts to rewrite Plaintiff's Complaint to suit its own narrative.

Rather, Ms. Sellar experienced a long pattern of discrimination and retaliation working for Defendant, culminating in her need for protected medical leave. In a vindictive act of retaliation, Defendant permanently removed her from her long-standing animal specialty position, which ended her career. While Ms. Sellar did personally raise discrimination and

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 2

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

retaliation complaints within the grievance process and Defendant refused to take any meaningful action to address them, Plaintiff's case is focused on her state law claims that arise out of those discriminatory and retaliatory actions. No interpretation of the CBA is required in order for a jury to conclude that discrimination and retaliation occurred here. Nor can Defendant prove that its actions were non-discriminatory and non-retaliatory due to some provision of the CBA.

Numerous cases, including cases from the U.S. Supreme Court and the Ninth Circuit, hold that state law claims are not preempted simply because an employee either did or could have filed a grievance under a CBA. In *Shields v. Andeavor Logistics LP*, the Court specifically stated:

> Defendants argue that Plaintiff's grievance for unjust termination preempts Plaintiff's legal claims. However, the Supreme Court has rejected this argument. In *Lingle*, 486 U.S. at 407, the Court held that a wrongful termination claim was not preempted by a pending grievance: "To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge . . . ; **this purely factual inquiry likewise does not turn on the meaning of any provision of a collective-bargaining agreement." Similarly, in this case, Plaintiff's discrimination, retaliation, and wrongful termination claims do not "turn on the meaning" of the CBA.** Instead, those claims require a fact-specific inquiry that involves discrete state-law rights and operates wholly independently from the CBA procedure. *Id.* at 411 ("[T]here is nothing novel about recognizing that substantive rights in the labor relations context can exist without interpreting collective-bargaining agreements.").

*Shields v. Andeavor Logistics LP*, 2019 U.S. Dist. LEXIS 128087 at *11-12 (C.D.Cal, July 31, 2019)(quoting *Lingle,* 486 U.S. at 407)(emphasis added).

Similarly, while Defendant ineffectively attempts to distinguish *Downey*, that case too makes clear that claims that "**reference the CBA only as to peripheral issues**" do not warrant preemption. 2006 WL 8454987 at *6. In that case, Defendant specifically argued that the plaintiff's discrimination claims could not be resolved "without interpreting and applying the CBA's provision for 'bumping' and recall rights, physical exams, and **grievance procedures**." *Id*. (emphasis added). The Court flatly rejected these arguments and held that the plaintiff's claims were not preempted and remanded the case back to state court. Id. at *10; *see also,*

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 3

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

*Martinez v. Kaiser Found. Hosps.*, 2012 WL 2598165 at *13-15 (N.D.Cal., July 5, 2012)(holding that plaintiff's discrimination claims did not require interpretation of the grievance procedures of a collective bargaining agreement).

Here, Ms. Sellar did not lose her right to bring state law discrimination, retaliation, and wrongful discharge claims simply by filing a grievance. Nor has she challenged the outcome of that process as a violation of the CBA. The grievance process and any provision of the CBA is at best peripheral to her core contention that "improper discriminatory [and retaliatory] motive was behind Defendants' actions, no matter how well those actions otherwise adhered to the CBA's dictates." *Downey*, 2006 WL 8454987 at *9.

**B.      No claim or defense in this case depends on the interpretation of any provision of the CBA.**

Defendant also argues that an analysis of its supposed legitimate and nondiscriminatory motives requires an interpretation of certain CBA provisions. It does not. Courts in the Ninth Circuit hold that reliance on a CBA provision to defend against claims like Ms. Sellars' does not warrant preemption. Indeed, as the court correctly stated in *Martinez*, [T]he Ninth Circuit has held that "reliance on CBA provisions to *defend* against an independent state law claim does not trigger § 301 preemption." *Martinez*, 2012 WL 2598165 at *13-14.  (quoting *Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002) (emphasis added) (rejecting defendant's argument that, "when it offers a nondiscriminatory justification for its conduct by relying on authorizing CBA provisions, that suffices to trigger preemption of [plaintiff's] reasonable accommodation claim.")).

In a suit involving a unionized employee, the defendant employer will almost always be able to point to some provision of a collective bargaining agreement and claim that it was simply acting pursuant to those provisions when it took adverse actions against the plaintiff-employee. But that is not enough. Preemption requires significantly more, and at minimum an argument that the employer was not simply exercising a power it had under an agreement, but

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 4

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

that it was in fact limited by the CBA in some way that requires interpretation. Here, Defendant simply references provisions that purport to give it the authority to take the actions it took.

The cases cited by Defendant to support its position are materially different from this case and actually serve to support how rare preemption must be. For example, Defendant cites *Knowles*, where the plaintiffs challenged PG&E's decision not to grant them a 60-month preferential re-employment benefit, as provided in a letter that modified their CBA. The case hinged on <u>contract claims</u> (including breach of contract with regard to the CBA and its modifications, a request for specific performance, breach of implied covenant of good faith and fair dealing), and only collaterally involved an age discrimination claim. The court reasoned that the Defendant's proffered non-discriminatory reason for refusing to reemploy the plaintiffs was in order to avoid the expense of reclassifying them under the CBA. 2007 U.S. Dist. LEXIS 117202, *17-18. No comparable circumstances exist in the present case. As the court in *Knowles* recognized, state law discrimination claims are typically not pre-empted: "The Ninth Circuit has held that claims of discrimination under California's FEHA are not preempted by federal law." *Id*. at *16 (citing *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) ("In every case in which we have considered an action brought under the California Employment Act, we have held that it is not preempted . . .")). *Id.* at *16-17. Here, Plaintiff's case does not fit into the "narrow exception" recognized in *Knowles* where "resolution of an allegation of discrimination itself hinges on interpretation of a labor contract." *Id.* at *17 (quoting *Guidry v. Marine Eng'rs Ben. Ass'n*, 2007 U.S. Dist. LEXIS 21353 *4 (N.D. Cal.) (internal quotation marks omitted).

Defendant also relies on *Madison*, where the plaintiff sued his <u>union</u> for negotiating a collective bargaining agreement that allowed employers to "pick and choose" which union members would be employed in certain positions, resulting in a disparate impact based on race. He also claimed that the union violated the CBA and engaged in differential treatment by

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 5

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

failing to notify him before filing a grievance against his employer. The Court recognized that these claims and defenses required resort to the CBA. The Court noted:

> [I]f a state law cannot be waived or modified by private contract, and if the rights it creates can be enforced without resort to the particular terms, express or implied, of the labor contract, § 301 does not preempt a claim for violation of the law. *Id.* at 546. In other words, § 301 does not "grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law . . . ." *Allis-Chalmers, supra*, 471 U.S. at 212. See also *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1992).

132 F. Supp. 2d 1244 at 1251. The facts of this case could not be more different from those at issue in *Madison* where the plaintiff sued his union for negotiating a CBA with disparate impact, and for its failure to abide with the notice requirement in the CBA prior to filing a grievance against his employer. Such a case naturally requires reference to the CBA. Ms. Sellar's case is drastically different as it does not require interpretation of the CBA.

C.  **Defendant took multiple adverse actions against Ms. Sellar under clear Washington authority.**

The actions taken against Ms. Sellar are "adverse actions" under Washington law. Indeed, in the retaliation context, any act that is likely to dissuade a reasonable person from making a complaint of discrimination may be an adverse action under the WLAD. *Boyd v. State*, 187 Wn. App. 1, 13 (2015). As the *Boyd* court held, "**context matters** in analyzing the significance of any given act of retaliation because an 'act that would be immaterial in some situations is material in others.'" *Id.* at 13-14 (quoting *Burlington N. & Santa Fe Ry, Co. v. White*, 548 U.S. 53, 69 (2006)(emphasis added). "Accordingly, whether a particular action would be viewed as adverse by a reasonable employee is a question of fact appropriate for a jury."[1] *Id.*

---

[1] Even in *Alonso v. Qwest Commc'ns Co., LLC*, a case cited by Defendant, the Court specifically held that, "viewed in a light most favorable to Alonso, the van and cellular phone benefits, as well as the preference in employer-supplied workstations, computers, and desk telephones, were not *strictly* tied to the AQCB position and, thus, a reasonable juror could conclude that when Alonso was transferred from AQCB and was forced to also relinquish those "benefits," he suffered an adverse employment action. 178 Wn.App. 734, 747 (2013).

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 6

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Here, for over two decades, Ms. Sellar dedicated herself primarily to the study and care of Orangutans, working with outside organizations, including other zoos and conservation organizations to help learn how to better care for these animals. *Dkt*. 1-2 at ¶ 11-15. Over the course of her employment, she developed not only an expertise with Orangutans, but also a deep connection with the Zoo's particular population, learning their personalities and behavioral nuances. *Dkt*. 1-2 at ¶ 18, 37. Within months of Ms. Sellar voicing her discrimination and retaliation concerns to her supervisor in writing, Defendant retaliatorily removed her from the Orangutan unit, retaliatorily disciplined her for false reasons, and refused to reinstate her into an animal area where she was an expert. *Dkt*. 1-2 at ¶ 35 Ms. Sellar was devastated. *Dkt*. 1-2 at ¶ 36. As the evidence will show, other WPZS employees have been subjected to similar reprisals from Defendant when they made complaints. Indeed, Plaintiff believes that Defendant has a pattern and practice of similarly retaliating against other employees. *Dkt*. 1-2 at ¶ 39. Certainly, in the context of this case, a reasonable jury could conclude that Defendant took actions that might dissuade a reasonable Animal Keeper in Ms. Sellar's position from making further complaints.

Defendant ignores these facts and this clear case authority and argues that Ms. Sellar's claims must be preempted because they are not "independently actionable" under the WLAD when in fact they are. Defendant's brief fails to state how the CBA applies. Defendant argues that "[a]s the WLAD confers no right to work in Defendant's Orangutan or Asian Primate unit or to be assured future work therein, and denial of these preferences are not adverse actions under the WLAD, interpretation of the CBA is required to determine these claims." *Dkt*. 12 at 12. But Ms. Sellar did have a right to be free from discrimination and retaliation. And whether Defendant was motivated by an illegal purpose is what is at issue in nearly every case under the WLAD. If Defendant claims it had a legitimate basis to remove Ms. Sellar from her animal specialty area, that <u>motivation</u> doesn't stem from its <u>power</u> to do so under the CBA. Nothing in the CBA provisions Defendant cites requires it to remove employees like Ms. Sellar from their

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 7

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

animal specialties, discipline them, or take any other adverse action against them. The answer to whether Defendant's actions were motivated by discrimination or retaliation simply does not "depend" on an "interpretation" of the CBA.

**D.     Plaintiff's wrongful termination claims do not require reference to the CBA – the right to be free from wrongful termination is a non-negotiable right completely independent from any "just cause" provision in a CBA.**

Defendant claims that Ms. Sellar's wrongful termination claims must be preempted because the CBA contains a "just cause" provision. But the U.S. Supreme Court has already disposed of this same line of argument in *Lingle* where it held that a "just cause" provision in a CBA does not preempt state anti-retaliation laws. 486 U.S. at 412-13 ("In the typical case a state tribunal could resolve either a discriminatory or retaliatory discharge claim without interpreting the 'just cause' language of a collective-bargaining agreement."). Here Ms. Sellar was forced to resign after Defendant took a series of discriminatory and retaliatory actions against her and created a hostile work environment so severe she was forced to take medical leave and leave a job she had done for over 20 years working with animals she loved. Defendant completely fails to explain what part of a "just cause" provision needs to be "interpreted" under these circumstances.

*Stallcop v. Kaiser Found Hosps*, a case repeatedly relied on by Defendant, is nothing like Ms. Sellar's case. 820 F.2d 1044 (9th Cir. 1987). As noted in Plaintiff's opening brief, in *Stallcop* the court expressly found that the plaintiff's state law discrimination claims were **not** preempted under § 301. Id. at 1046. With respect to the plaintiff's wrongful discharge claim, the plaintiff specifically alleged a **contractual claim** that was based on "wrongful discharge in violation of her employment agreement and of her oral agreement with [defendant]." *Id*. at 1048. The Court found that "any independent agreement of employment could be effective only as part of the collective bargaining agreement." *Id*. (internal citations omitted). Here, in stark contrast, Ms. Sellar's claim is that she was discharged in violation of non-negotiable Washington public policy – not that Defendant breached any contract with her.

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 8

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

*Wilson v. City of Monroe* speaks directly to this issue. 88 Wn.App. 113 (1997). In that case, the Plaintiff filed a union grievance with his employer after he was fired for allegedly poor performance. *Id*. at 116. Rather than pursue an administrative claim or a grievance, the plaintiff filed claims for wrongful termination in violation of public policy in state court. *Id*. at 117. The *Wilson* court specifically rejected defendant's argument that the plaintiff's case must be dismissed because a CBA required arbitration, holding, "[the] right to be free from wrongful termination in contravention of public policy may not be altered or waived by private agreement, and is therefore a nonnegotiable right." *Id.* at 118. "Furthermore, **the right does not originate in the CBA provision that requires just cause for termination**, or depend on interpretation of the CBA--the right is independent of any contractual agreement between Wilson and the City." *Id*. (emphasis added). The *Wilson* Court then went on to state explicitly:

> **We decline to establish a rule that would provide protection against wrongful discharge in contravention of public policy for at-will employees while denying such protection to employees who may be terminated <u>only for cause</u>.** The wrongful discharge tort emerged as an exception to the at-will employment doctrine, and arguably was aimed at providing added job security, similar to that already held by for-cause employees.

*Wilson*, 88 Wn.App. at 120.

The primary question in this case is whether Defendant's actions were substantially motivated by discrimination and/or retaliation. That question is completely independent of any provision of the CBA, including any "just cause" provision. Similarly, Defendant's false claim that the Court will need to look at the CBA to determine whether its decision to deny her a promotion or discipline her is similarly unavailing. The "Vacancies" provision of the CBA that Defendant cites to simply purports to grant Defendant the <u>power</u> to make hiring decisions "based on skill, experience, ability, training and other relevant qualifications." *Dkt*. 2-1 at 18. It does not limit Defendant on who it can hire – in fact it does just the opposite, granting them wide discretion. Similarly, every Defendant has the power to discipline an employee. The

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 9

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

question here is whether Defendant's motivation for exercising that power was unlawful under the state law claims Plaintiff has brought here.

If Defendant's arguments were correct, virtually every claim of discrimination or retaliation for employees whose employment was governed by a CBA would be preempted since invariably employers will claim just cause in defense. *See Martinez*, 2012 WL 2598165 at *13-14. Indeed, countless unionized employees would have their state civil rights claims extinguished because an employer could always point to a "just cause" provision, or a provision granting them the right to take other adverse actions, and argue that such a provision required "interpretation." That is simply not the law. This case is about whether Defendant's decisions to exercise whatever power it had to take action against Ms. Sellar were substantially motivated by discrimination and/or retaliation. That determination does not depend on an interpretation of any provision of a CBA.

E. **This Court lacks jurisdiction because Defendant's argument is "merely a defense to be raised in plaintiff's chosen forum."**

As discussed above, preemption under Section 301 does not apply in this case and this Court should grant Plaintiff's Motion to Remand. However, even where a "defendant might ultimately prove in the state court proceeding that a plaintiff's claim is preempted under § 301, … that does not establish that it would necessarily be removable to federal court." *Burkhardt v. Swedish Health Servs.*, 2017 WL 2116007 at *7 (W.D.Wash., May 16, 2017). "Removal jurisdiction arises only if plaintiff could have asserted a federal claim based on the allegations of her complaint." *Id*. (citing 28 U.S.C. § 1441). "Unless federal law "both completely preempt[s] the state law claim and supplant[s] it with a federal claim," preemption is merely a defense to be raised in plaintiff's chosen forum." *Id*.

Here, Defendant's main argument is that Plaintiff's state law claims must be preempted because those state law claims require "interpretation" of a collective bargaining agreement. But just as in *Burkhardt,* '[e]ven if defendant intends to refer to these provisions as justification

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 10

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

for the conduct alleged by plaintiff, there is simply no risk that the state court would interpret them in a way that could threaten the uniformity of national labor law." *Burkhardt* 2017 WL 2116007 at *8-9. As the U.S. Supreme Court held in *Caterpillar Inc. v. Williams*:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule -- that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. **But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.**

482 U.S. 386, 398-399 (1987) (emphasis added).

Here, Plaintiff has decided to pursue state law claims based on non-negotiable rights granted to her by Washington statutes and public policy. She has not alleged a breach of contract claim for violations of the CBA and has not brought claims based on a grievance. She is simply standing up for her rights to be free from discrimination, retaliation, and unlawful discharge in her chosen forum – King County Superior Court. If Defendant wishes to assert a preemption defense based on its misplaced argument that Plaintiff's <u>state law</u> claims require interpretation of a collective bargaining agreement, it must do so in state court under *Caterpillar* and *Burkhardt*. This Court lacks jurisdiction under 28 U.S.C. § 1331.

**F.   Plaintiff is entitled to attorneys' fees and cost under 28 U.S.C. § 1447(c).**

Plaintiff renews her request for attorneys' fees and costs associated with the need to file this motion to remand under 28 U.S.C. § 1447(c). In both it Notice for Removal and now its Opposition to Plaintiff's Motion to Remand, Defendant has completely failed to identify anything in the numerous CBA provisions it has cited that actually need to be interpreted.

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 11

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

Rather, Defendant simply lists provisions that purport to grant it the power to take adverse actions against its employees, and then claims those provisions must be interpreted without ever saying how. This attempt to remove Plaintiff's case and preempt her claims in the face of countless cases in both federal and state court holding removal inappropriate in such cases does nothing but to delay justice, increase fees and costs, and waste judicial resources.

## II.   CONCLUSION

For the reasons stated in her Motion to Remand and this Reply, Plaintiff respectfully requests that this Court grant Plaintiff's motion and remand this case to King County Superior Court.

DATED this 2nd day of June, 2023:

> By: /s/ Richard E. Goldsworthy
> Richard E. Goldsworthy, WSBA No. 40684
> Robin J. Shishido, WSBA No. 45926
> Shishido Taren Goldsworthy PLLC
> 705 Second Avenue, Suite 1500
> Seattle, WA 98104
> Telephone: (206) 622-1604
> Email: rgoldsworthy@shishidotaren.com
>        rshishido@shishidotaren.com
> Attorneys for Plaintiff

I certify that this memorandum contains 4199 words
(as counted by Microsoft Word), in compliance with the Local Civil Rules.

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 12

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604

**DECLARATION OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date and in the manner listed below I caused delivery of a true copy of the attached document to the following attorneys for Defendant:

| | |
|---|---|
| Ryan P. Hammond, WSBA No. 38888<br>Jordan T. Wada, WSBA No. 54937<br>Anne E. Reuben, WSBA No. 53299<br>Littler Mendelson, P.C.<br>600 University Street, Suite 3200<br>Seattle, WA 98101-7095<br>Ph: (206) 623-3300<br>rhammond@littler.com<br>jwada@littler.com<br>areuben@littler.com | ☒ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery<br>☒ by Notification via E-filing System |

DATED this 2nd day of June, 2023, at Seattle, Washington.

 s/ Richard E. Goldsworthy
Richard E. Goldsworthy, WSBA No. 40684
Robin J. Shishido, WSBA No. 45926
Shishido Taren Goldsworthy PLLC
705 Second Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 622-1604
Email: rgoldsworthy@shishidotaren.com
       rshishido@shishidotaren.com
Attorneys for Plaintiff

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Page 13

SHISHIDO TAREN GOLDSWORTHY
705 Second Avenue, Suite 1500
Seattle, Washington 9814
(206) 622-1604